IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| McAFEE ENTERPRISES, INC.<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br><br>ASHLEY ENTERTAINMENT CORPORATION<br><br>　　　　　　　　Defendant. | Case No.: 16-cv-2618<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff McAfee Enterprises, Inc. ("McAfee"), by and through its undersigned attorneys, for its complaint against Ashley Entertainment Corporation ("Ashley"), hereby alleges as follows:

### NATURE OF LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES

2. McAfee is corporation organized under the laws of the state of Tennessee and having offices at 205 Mitchell Road, Portland, Tennessee 37148.

3. McAfee owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,545,207 ("the '207 patent") entitled "Electric Drum Stroke Counting Machine," issued April 8, 2003. A copy of the '207 patent is attached as Exhibit A.

4.  Defendant Ashley is a New Hampshire corporation with a principal place of business located at 7370 Eastgate Road, Building M # 140, Henderson, Nevada 89011. Ashley transacts business and has sold and/or offered to sell products that infringe the '207 patent in this judicial district and throughout the State of Illinois, including products available for purchase online and local pick up at Walmart retail stores located at 570 W. Monroe St., 2844 N. Broadway St. and 2551 W. Cermack Road, Chicago, Illinois; Sears retail stores located at 1900 W. Lawrence Ave, 4730 W. Irving Park Road, 1601 N. Harlem Ave., Chicago, Illinois; and Kmart retails stores located at 3443 W. Addison and 5050 S. Kedzie Ave., Chicago, Illinois.

5.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### DEFENDANT ASHLEY'S MANUFACTURE AND SALE OF THE IROCK DIGITAL PRACTICE DRUM PAD

6.  Defendant Ashley has infringed claims of the '207 patent by making, using, selling, offering for sale and/or importing the iRock Digital Practice Drum Pad.

7.  The iRock Digital Practice Drum Pad may be operated in a mode that counts the number of drum pad hits by a user within a fixed time.

8.  The iRock Digital Practice Drum Pad includes the following features: speed detection, practice drum, digital metronome and built-in speaker.

9.  The iRock Digital Practice Drum Pad includes a strike sensor that detects strikes on a drum pad surface.

10. The iRock Digital Practice Drum Pad includes a strike counter that can count the number of strikes on a drum pad surface.

11. The iRock Digital Practice Drum Pad includes selection buttons that allow a user to select the mode of operation of the drum pad.

12. The iRock Digital Practice includes an LCD display.

13. The LCD display on the iRock Digital Practice Drum Pad can present the total number of strikes on the drum pad within a set period of time.

14. The iRock Digital Practice Drum Pad includes a timer that counts a period of time and stops the timer after a specific period of time.

15. The iRock Digital Practice Drum Pad include a time period selector that allows a user to select the period of time that strikes on the drum pad surface are counted.

16. Ashley has sold and offered for sale the iRock Digital Practice Drum Pad with knowledge of the '207 patent.

17. Ashley has sold and offered for sale the iRock Digital Practice Drum Pad despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Ashley.

18. Ashley has willfully infringed claims of the '207 patent with its sales and offers for sale of the The iRock Digital Practice Drum Pad.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendant, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate McAfee for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the '207 patent began;

B. Treble damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to McAfee of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement of the '207 patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

McAfee demands a trial by jury on all issues presented in this Complaint.


Dated: February 26, 2016           Respectfully submitted,

                                    /s/ Anthony E. Dowell
                                   Anthony E. Dowell
                                   aedowell@dowellip.com
                                   DOWELL IP
                                   333 W. North Ave #341
                                   Chicago, Illinois 60610
                                   Phone: (312) 291-8351

                                   **ATTORNEY FOR PLAINTIFF**
                                   **McAFEE ENTERPRISES, INC.**